**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **MICHAEL KENNETH MATAY, JR.**, | : | |
| Plaintiff, | : | |
| v. | : | Civ. Action No.: 15-1709 (BRM) |
| **COMMISSIONER OF SOCIAL SECURITY**, | : | **MEMORANDUM OPINION** |
| Defendant. | : | |

Before this Court is the appeal by Plaintiff Michael Matay ("Plaintiff") of the final decision of the Commissioner of Social Security (the "Commissioner") denying Plaintiff disability benefits under Title II of the Social Security Act. Plaintiff has failed to timely file a brief in support of his appeal, as required by L.Civ.R. 9.1(e)(1). Consequently, on January 6, 2017, this Court *sua sponte* ordered Plaintiff to show cause by January 17, 2017 why his Complaint against the Commissioner should not be dismissed for failure to prosecute. (ECF No. 20.) To date, Plaintiff has not responded to the Court's January 6, 2017 Order to Show Cause. Accordingly, for the reasons set forth below, this case is **DISMISSED WIHTOUT PREJUDICE** for failure to prosecute.

On March 6, 2015, Plaintiff filed a Complaint with this Court appealing the final decision of the Commissioner. (ECF No. 1.) On October 19, 2015, the Commissioner moved to dismiss the Complaint as time-barred. (ECF No. 8.) On June 6, 2016, the Honorable Freda L. Wolfson, U.S.D.J., denied the Commissioner's Motion to Dismiss. (ECF No. 15.) On June 17, 2016, the Commissioner filed an Answer to Plaintiff's Complaint (ECF No. 16) and the administrative

record (ECF No. 17). On August 8, 2016, this case was reassigned to the undersigned. (ECF No. 18.)

Pursuant to L.Civ.R. 9.1(e)(1), a plaintiff in a social security matter must file a brief within 75 days of receipt of the Answer. L.Civ.R. 9.1(e)(1). It has been over six months since the filing of the Commissioner's Answer and Plaintiff has not filed his supporting brief. Accordingly, on January 6, 2017, the Court ordered Plaintiff to show cause by January 17, 2017 why this matter should not be dismissed for failure to prosecute. To date, Plaintiff has not responded to the January 6, 2017 Order to Show Cause.

Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). This Rule has been interpreted to permit a district court to dismiss an action *sua sponte*. *See Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962); *Kenney v. California Tanker Co.*, 381 F. 2d 775, 777 (3d Cir. 1967), *cert. denied*, 390 U.S. 904 (1968). Typically, when a court dismisses a case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b), the court employs the six-factor balancing test set forth in *Poulis v. State Farm Cas. Co.*, 747 F.2d 863 (3d Cir. 1984). *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008). These factors include: (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim. *Poulis*, 747 F.2d at 868. No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir.1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir.1988).

Here, the bulk of the *Poulis* factors weigh in favor of dismissing this case without prejudice. In the absence of any evidence to the contrary, the Court finds Plaintiff's conduct in delaying this case to be willful and attributable to him personally. Plaintiff has had over six months to explain to the Court the reasons for his failure to file his supporting brief and to request an extension of his deadline, but he has not done so. Moreover, after the Court specifically ordered Plaintiff to show cause why this case should not be dismissed for failure to prosecute, Plaintiff did not respond or otherwise indicate to the Court that he intends to pursue this action. Both Plaintiff's failure to file his supporting brief and his failure to comply with the Court's January 6, 2017 Order demonstrate he has abandoned this case.

Because there have only been two incidents of dilatory conduct in this case thus far, for the purposes of the *Poulis* balancing test, there is no history of dilatoriness in this case. *See Briscoe*, 538 F.3d at 261 ("conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'"). Nonetheless, the Court finds Plaintiff's extreme dilatoriness in filing his supporting brief has caused prejudice to the Commissioner, who, pursuant to L.Civ.R. 9.1(e)(2), can file her responsive brief only after receipt of Plaintiff's supporting brief, and thus has been unable to oppose Plaintiff's appeal.

In considering the effectiveness of an alternative sanction, the Court finds that, based on Plaintiff's unresponsiveness to the January 6, 2017 Order and his apparent abandonment of the case, alternative sanctions would be futile. Finally, in considering the sixth *Poulis* factor, the Court does not have sufficient grounds at this stage of the proceedings to evaluate the meritoriousness of Plaintiff's claims, because Plaintiff has not filed his supporting brief explaining the basis for his appeal.

For these reasons, the Court finds that, on balance, the *Poulis* factors weigh in favor of **DISMISSING** this case **WITHOUT PREJUDICE**. An appropriate Order will follow.


**Date: January 18, 2017**                             */s/ Brian R. Martinotti*
                                                       **HON. BRIAN R. MARTINOTTI**
                                                       **UNITED STATES DISTRICT JUDGE**